Robert G. GRENIER, Lynda L. Grenier, individually and as parents and next friends for Grace E. Grenier, Girard L. Grenier, and Christina R. Grenier, Plaintiffs,

v.

The DOW CHEMICAL CO., Defendant.

Civ. No. 84–0039–P.

United States District Court, D. Maine.

Jan. 16, 1986.

See also, D.C., 628 F.Supp. 1529.

Harold Lichten, Barry A. Margolin, Tureen & Margolin, Portland, Me., and Robert A. Taylor, Jr., Ashcroft & Gerel, Washington, D.C., for plaintiffs.

**1208**

Alfred C. Frawley, George S. Isaacson, Stuart J. Novick, Brann & Isaacson, Lewiston, Me., Leonard J. Rivkin, Joseph J. Ortego, Stanley Pierce, James R. Ruger, Rivkin, Radler, Dunne & Bayh, Garden City, N.Y., and Michael A. Makulski, Legal Dept., Dow Chemical Co., Midland, Mich., for defendant.

## MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE REGARDING PLAINTIFF ROBERT G. GRENIER'S DISCHARGE FROM THE UNITED STATES NAVY

GENE CARTER, District Judge.

Plaintiffs have filed a motion *in limine* seeking to exclude evidence regarding Plaintiff Robert G. Grenier's undesirable discharge [1] from the United States Navy in 1952 because of a conviction for breaking and entering and larceny. Defendant opposes this motion on a number of grounds discussed herein.

As threshold matters, Defendant contends that it is unclear from Plaintiffs' motion whether Plaintiffs seek to exclude evidence of Plaintiff Robert G. Grenier's undesirable discharge or evidence of his conviction, and further, that Plaintiffs have not presented sufficient documentation of either piece of evidence. However, Plaintiffs' memorandum in support of their motion discusses the admissibility of both Plaintiff's conviction and his discharge from the United States Navy, and Defendant has responded to both issues. In addition, the admissibility of the undesirable discharge is, in some part, dependent upon the admissibility of the conviction. For these reasons, the Court will consider the admissibility of both pieces of evidence.

As to Defendant's contention that the evidence to be excluded is inadequately documented, Plaintiffs have attached a portion of Plaintiff Robert G. Grenier's deposition in this case, in which he states his conviction was in 1952 for "breaking and entering and larceny." Plaintiffs' Memorandum, Exhibit A, Deposition of Robert Grenier, p. 26. Therefore, the parameters of the evidence Plaintiffs seek to exclude by this motion are reasonably clear. Plaintiff's deposition stating the type of crime resulting in, and date of, his conviction is sufficient documentation for purposes of notice to the Defendant and consideration of the applicable law.

### A. *Evidence of Plaintiff's Conviction*

The pertinent language of Fed.R.Evid. 609 states:

(a) **General rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

(b) **Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Defendant argues that Rule 609 does not bar admission of Plaintiff's conviction because 1) Plaintiff's crime was punishable by a year in prison [2] and judicial discretion

---

1. An "undesirable" discharge was an administrative rather than a punitive discharge, which is now referred to as a discharge under "other than honorable conditions."

2. Defendant bases this assumption on Plaintiff's statement: "They gave me a year in jail." Plaintiff's Deposition at 27. Rule 609(a) actually requires conviction of a crime punishable by imprisonment in excess of one year. It is also

to exclude such a conviction under subsection (a) is limited to the protection of criminal defendants, not civil litigants, and 2) subsection (b) is inapplicable if the evidence to be admitted is used for credibility purposes only. Assuming for purposes of argument that Plaintiff's conviction is admissible under subsection (a), that argument does not diminish the time limitation provided in subsection (b).

Defendant cites *United States v. Brown*, 603 F.2d 1022 (1st Cir.1979), in support of the proposition that subsection (b) is inapplicable in instances in which a conviction is to be used to impeach credibility. However, *Brown* does not stand for such a proposition. In that case, although the Court affirmed the admission of evidence of the defendant's prior convictions over ten years old, the Court stated: "Of course, the mere fact that the defendant's credibility is in issue ... cannot, by itself, justify admission of evidence of convictions over ten years old. Such a rule would make the ten year limit in Rule 609(b) meaningless." *Brown*, 603 F.2d at 1028.[3]

■ In fact, Rule 609(b) requires the exclusion of evidence of a conviction more than ten years old unless its probative value substantially outweighs its prejudicial effect, and establishes a presumption that such convictions should *not* be received to impeach. 3 D. Louisell, C. Mueller, *Federal Evidence* 355 (1979). The factors relevant to the Rule 609(b) balancing test include the nature of the crime and the degree of remoteness of the conviction. *Id.* at 356. In this case the Plaintiff's conviction is extremely remote, the result of a crime committed three and one-half decades ago. Although the First Circuit has indicated that convictions for theft are to be considered crimes of "dishonesty" for purposes of Rule 609(a), *United States v.*

*Del Toro Soto*, 676 F.2d 13, 18 (1st Cir. 1982),[4] the Court believes that a thirty-four-year-old conviction has little probative value as to the veracity of the Plaintiff at the present time and, therefore, such value cannot substantially outweigh its prejudicial effect.

Defendant argues that Plaintiff's incarceration may be relevant to the issue of causation in this case, because Plaintiff worked in a quarry crushing rocks during his incarceration and Defendant contends such work may have affected his present health. However, it is possible for the Defendant to introduce evidence of Plaintiff's work history, if relevant to his current medical condition, without putting in evidence of his conviction. In addition, prison medical records could be introduced with the necessary alterations to avoid their identification as such. Thus, these objections do not persuade the Court that the Defendant will be deprived of evidence relevant to causation because of the exclusion from evidence of Plaintiff's conviction.

### B. *Evidence of Plaintiff's Discharge from the United States Navy*

Plaintiffs contend that this evidence is irrelevant or should be excluded pursuant to Fed.R.Evid. 403 because its unfair prejudice to the Plaintiffs substantially outweighs its probative value.

■ According to his deposition, Plaintiff Robert G. Grenier was discharged from the United States Navy as a result of his conviction in 1952. Thus, the evidence regarding these issues is closely related. If Defendant is allowed to impeach Plaintiff's credibility by introducing evidence of his undesirable discharge, it would be on the basis of the *same* conduct which resulted in Plaintiff's conviction, and which is inadmissible under Rule 609(b) because it is so

---

unclear whether Plaintiff's sentence was cumulative.

**3.** In *Brown,* the Defendant was convicted of stealing in violation of 18 U.S.C. §§ 2, 659 after he took the stand in his own defense. The trial court allowed the admission for impeachment purposes of five prior convictions including bur-

glary, third degree burglary, second degree burglary, and petty larceny.

**4.** The Court notes that most courts which have considered this question have found convictions for theft to be outside the "dishonesty" provision. 3 D. Louisell, C. Mueller, *Federal Evidence* 337 (1979).

remote as to have little probative value regarding Plaintiff's credibility. In addition, Plaintiff would not be able to respond to or explain the undesirable discharge without bringing in evidence of his conviction. Therefore, it is consistent with the intent of Rule 609 to exclude the evidence of Plaintiff's undesirable discharge. The Court believes that this evidence has little probative value, is unnecessarily prejudicial and, therefore, should be excluded under Rule 403.

Again, if the Defendant wishes to do so, it is not prohibited by this ruling from introducing evidence of Plaintiff Robert G. Grenier's medical and work history while he was in the United States Navy without revealing the circumstances or classification of his discharge.

Accordingly, it is ORDERED that the evidence regarding Plaintiff Robert G. Grenier's discharge from the United States Navy and his conviction in 1952 be, and it is hereby, EXCLUDED from evidence.